UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

AARON CHARLES,

**FIRST AMENDED
COMPLAINT AND
JURY DEMAND**

Plaintiffs,

-against-

DOCKET #
15cv4510(CLA)(LB)

THE CITY OF NEW YORK; DETECTIVE WALIUR
RAHMAN, SHIELD NO. 6428; POLICE OFFICER
JOHN PARENTE; POLICE OFFICER JOHN
SLAVINSKY;

ECF CASE

Defendants.
------------------------------------------------------------------------- x

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights

secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United

States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from a July 31, 2014 incident in which Officers of the New York City

Police Department ("NYPD"), acting under color of state law, intentionally and willfully

subjected plaintiff to, among other things, false arrest, malicious prosecution and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

### JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and

Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction is asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Eastern District of New

York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7.     Plaintiff Aaron Charles is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8.     The City of New York is a municipal corporation organized under the laws of the State of New York.

9.     All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.    At about 6:00 A.M. on July 31, 2014, plaintiff was in a friend's apartment located at 1274 Pacific St., Apt. #5 in Brooklyn, NY when he was awakened by a neighbor.  The neighbor told him that there were police at his mother's home which was located in the same building but up a flight of stairs.

12.    Plaintiff started to go to his mother's apartment, but he was stopped by police officers on his way.  He told an officer that he wanted to see what was going on. Upon information and belief, that officer was John Slavinsky. The police asked him to wait where he was and plaintiff complied with his request.

13.    A defendant officer asked him what his relation was to the people who lived upstairs.

Plaintiff told the officer that his mother and brother lived there. (Plaintiff lived nearby at 1240 Pacific St.) The defendant officer immediately turned him around, kneed plaintiff in the knee, and cuffed him upon obtaining that information. Upon information and belief, the officer who kneed him in the knee is John Parente.

14. Plaintiff, along with his brother and mother, was escorted into a police van. The van had now windows.

15. Plaintiff was driven around in the van for about 1.5 hours, and other arrestees were put into the van with him.

16. Plaintiff was taken to the precinct and then transported to Brooklyn Central booking.

17. Plaintiff spent approximately 36 hours in custody. In addition, the defendant officer's use of force cause plaintiff to suffer pain to his knee for some time after the arrest.

18. Plaintiff learned that the officer had accused him of being in possession of marijuana. Plaintiff did not possess any marijuana, nor did he commit any crime or violation.

19. All charges were dismissed against plaintiff.

20. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

21. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

22. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.      Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

b.      Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

d.      Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e.      Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f.      Pain and suffering;

g.      Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

h.  Loss of liberty.

**FIRST CAUSE OF ACTION**
(42 USC § 1983 – EXCESSIVE FORCE)

23.   The above paragraphs are here incorporated by reference.

24.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from use of excessive force, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

25.   Defendants used excessive force when they assaulted in the course of their illegal arrest.  Plaintiff complied with all of defendants commands during the arrest, and did not in any way resist or fight with the defendants.

4

26.   Plaintiff was seriously physically injured and has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 – FALSE ARREST)

27.   The above paragraphs are here incorporated by reference.

28.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from being arrested without a warrant or probable cause that he committed a crime, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

29.   Defendants arrested plaintiff unlawfully when they seized him without legal privilege to do so.  Plaintiff did not consent to his confinement and was conscious of it.

30.   Plaintiff was has been damaged as a result of defendants' wrongful acts.

## THIRD CAUSE OF ACTION
(42 USC § 1983 – MALICIOUS PROSECUTION)

31.   The above paragraphs are here incorporated by reference.

32.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from a malicious prosecution, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

33.   Defendants initiated a false accusatory instrument against plaintiff and continued to participate in a malicious prosecution of him based on a false accusatory instrument and other

5

communications made to the district attorney's office.

34.   Plaintiff was has been damaged as a result of defendants' wrongful acts.

## FOURTH CAUSE OF ACTION
(ASSAULT)

35. The preceding paragraphs are here incorporated by reference.

36. Upon approaching plaintiffs, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

37. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law and the New York State Constitution.

38. Plaintiff was damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

39. The preceding paragraphs are here incorporated by reference.

40. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

41. Defendants used excessive and unnecessary force with plaintiff.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law and the New York State Constitution.

43. Each plaintiff was damaged by the battery of the defendants.

## SIXTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

44. The preceding paragraphs are here incorporated by reference.

45. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

46. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law and the New York State Constitution.

47. As a result of the false arrest, imprisonment and deprivation of liberty, plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

48. The preceding paragraphs are here incorporated by reference.

49. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

50. The criminal proceedings against plaintiff were terminated favorably.

51. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under New York State common law, and the New York State Constitution.

52. As a result of the malicious prosecution, plaintiff was damaged.

## NINTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

53. The preceding paragraphs are here incorporated by reference.

54. Defendant police officers' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

55. As a result of Defendant police officer's tortious conduct in the course of their employment

7

and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

      A.      In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

      B.      Awarding plaintiff punitive damages in an amount to be determined by a jury;

      C.      Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

      D.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:      Brooklyn, New York
                May 4, 2016

TO:   New York City                          Yours, etc.,
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007              Leo Glickman, Esq.
                                           Bar #LG3644
      Detective Waliur Rahman          Attorney for Plaintiff
                                           475 Atlantic Ave. 3rd Flr.
      Police Officer John Parente       Brooklyn, NY  11217
                                           (718) 852-3710
      Police Officer John Slavinsky     lglickman@stollglickman.com

8